IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00055-PAB-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  GERARDO LOPEZ,

      Defendant.

_____

**ORDER**
_____

      This matter comes before the Court on various discovery motions filed by defendant Gerardo Lopez.  The United States has filed a response [Docket No. 442]. Discovery motions filed on behalf of many of the co-defendants were addressed and ruled upon by the Court at a motions hearing on June 25, 2010.  *See* Docket No. 316.

      **Defendant Lopez' Motion Seeking Disclosure of Other Crimes, Wrongs, or Acts Pursuant to Rule 404(b) [Docket No. 351]**  – The Court has already ruled on Mr. Lopez' prior motion for disclosure pursuant to Fed. R. Evid. 404(b) and ordered the United States to provide notice pursuant to Rule 404(b) thirty days before trial.  *See* Docket No. 316 at 3.  Mr. Lopez provides no grounds to reconsider that order.  Thus, this motion is denied.

      **Defendant Lopez' Motion Seeking Additional Discovery Regarding the Involvement of CS 4 in a Crime of Violence and the Disclosure of the Reasons Why CS 4 Departed from Denver [Docket No. 355]**  – Defendant Lopez asks the

Court to order the government to disclose "any connection between CS 4 and criminal conduct known to the Government prior to the time CS 4 left Denver in the late fall of 2007." Docket No. 355 at 3. Defendant Lopez also generally seeks disclosure of the reasons why CS 4 left Denver. *Id.* at 1. The government's response indicates that the government is unaware of any criminal activity responsive to the defendant's request and objects to disclosure of the reason that CS 4 left Denver on the ground that defendant has no right to such discovery. Docket No. 442 at 6. Defendant Lopez appears to have a suspicion of CS 4's identity. *See* Docket No. 355 at 3 ("The Defense asserts, on information and belief, that CS 4 was involved in a violent encounter while with Defendant Lopez at a night club a few weeks before September 29, 2007.") Given that information about the reason that CS 4 left Denver could confirm the confidential informant's identity, *see United States v. Cartagena*, 593 F.3d 104, 113 (1st Cir. 2010) ("if disclosure of a communication's contents will also tend to reveal an informant's identity, the contents are also privileged), and given that defendant fails to show how a non-crime related reason for CS 4's departure would be relevant and helpful to his defense or essential to the fair determination of this case, *Roviaro v. United States*, 353 U.S. 53, 61 (1957), this motion will be denied.

**Defendant Lopez' Motion for Discovery Going to Support a Motion Under *Franks v. Delaware* and for Use at Trial Regarding Evidence that Defendant Lopez Was Living in Denver From 2002 Until His Arrest in This Case [Docket No. 359]** – The defendant seeks certain information about the defendant "to support a motion to suppress pursuant to *Franks v. Delaware*." Docket No. 359 at 5. Specifically, the

defendant seeks "evidence that Defendant Lopez was living in the Denver metro area beginning in 2002" in order to "investigate the availability of a veracity challenge under *Franks v. Delaware* to the Title III affidavit submitted in this case."  Docket No. 359 at 1. The defendant claims that, because he asserts that he moved to Denver in 2002 and "was pulled over with regularity by uniformed police officers," *id.* at 2, there must be documentation of such contacts.  He further asserts that the existence of such records would draw into question the claim in the initial affidavit in support of the wiretap affidavit that the investigation of defendant began in 2006 and that CS 1 claimed that the defendant arrived in Denver in 2005.  In order to be entitled to a *Franks* hearing, an allegation of deliberate falsehood or of reckless disregard for the truth must relate to the affiant (Investigator Michael Prince) as opposed to an informant.  *Franks v. Delaware,* 438 U.S. 154 (1978).  Moreover, the Tenth Circuit noted in *United States v. Williams*, 576 F.3d 1149, 1161 (10th Cir. 2009), that "a defendant cannot demand the production and questioning . . . of a confidential informant whose statements are relied upon in a warrant affidavit until the defendant has made the required substantial preliminary showing under *Franks*."   Thus, the claim that CS 1 stated that the defendant arrived in Denver in 2005 is not properly the subject of a *Franks* hearing request, much less a discovery request.  The request for evidence regarding the defendant's residency will also be denied.   Even if the defendant did move to Denver in 2002 and had contacts with law enforcement, it would not impeach the statement in the affidavit that *this* investigation of the defendant began in 2006.  Thus, the requested information is not

3

material.  *See Stewart v. Donges*, 915 F.2d 572, 583 (10th Cir. 1990) (*Franks* does not

extend to immaterial omissions).

**Defendant Lopez' Motion Seeking Disclosure of Any Evidence of Electronic**

**Surveillance of Defendant Lopez Generally and Specifically in the Time Period**

**Surround [sic] the Alleged Trip to Houston, Texas on August 16, 2007 [Docket No.**

**360]** – Defendant Lopez asks the Court to order the government to produce any

evidence of electronic surveillance "in general" and all surveillance of the defendant

prior to and in the two weeks following August 16, 2007.  The defendant seeks this

information in order to "advance a *Franks* challenge as well as to impeach the

Government witnesses at trial."  Docket No. 360 at 3.  The defendant bases this

request on the fact that Investigator Michael Prince searched the defendant's trash on

August 24, 2007 and found a receipt from a gas station in Salina, Kansas and a

MapQuest printout suggesting that the defendant might have traveled to Houston,

Texas around August 16, 2007.  Defendant states that Investigator Prince opined that

the defendant completed the trip in two days.  Defendant believes that the government

must have installed an electronic tracking device on defendant's vehicle since the

government could not otherwise have known how long any such trip took.  The

defendant further alleges that Investigator Prince never disclosed to the judge who

issued the Title III warrant the fact of such electronic surveillance.  In response, the

government states that "the agents involved in this investigation did not have the

defendant under electronic surveillance during this time, and the visual surveillance of

the defendant has already been disclosed."  Docket No. 442 at 9.  The defendant's

request is based on speculation and fails to indicate how such information would be relevant to a *Franks* request.  Moreover, the government's response renders the motion moot.

**Defendant Lopez' Brady Motion for Discovery of the Affidavit in Support of Search Warrant Filed on February 28, 2006 by Aurora Police to Put a GPS Tracking Device in the Chevy Tahoe Truck Belonging to Garcia-Sanchez  [Docket No. 434]** --The defendant seeks a copy of the affidavit in support of a search warrant that the Aurora Police Department obtained on February 28, 2006 to put a GPS tracking device on the Chevy Tahoe automobile belonging to Jose Garcia-Sanchez. The defendant claims that this information is relevant to rebut the government's claim that Garcia-Sanchez is an MS-13 gang member, but fails to explain why such affidavit would contain any information relevant to that issue.  All that defendant says is that he wants the affidavit to "assess the level of information possessed by Agent [sic] Prince about Garcia-Sanchez dating back to 2005."  Docket No. 434 at 2.  Even if the affidavit contained no reference to Garcia-Sanchez being a member of the MS-13 gang, that would not mean that the government did not have reason to believe that Garcia-Sanchez was affiliated with or a member of MS-13 after that time.  Thus, this request will be denied as speculative and immaterial.

Wherefore, it is ORDERED that

Defendant Lopez' Motion Seeking Disclosure of Other Crimes, Wrongs, or Acts Pursuant to Rule 404(b) [Docket No. 351] is denied.

Defendant Lopez' Motion Seeking Additional Discovery Regarding the Involvement of CS 4 in a Crime of Violence and the Disclosure of the Reasons Why CS 4 Departed from Denver [Docket No. 355] is denied.

Defendant Lopez' Motion for Discovery Going to Support a Motion Under *Franks v. Delaware* and for Use at Trial Regarding Evidence that Defendant Lopez Was Living in Denver From 2002 Until His Arrest in This Case [Docket No. 359] is denied.

Defendant Lopez' Motion Seeking Disclosure of Any Evidence of Electronic Surveillance of Defendant Lopez Generally and Specifically in the Time Period Surround [sic] the Alleged Trip to Houston, Texas on August 16, 2007 [Docket No. 360] is denied.

Defendant Lopez' Brady Motion for Discovery of the Affidavit in Support of Search Warrant Filed on February 28, 2006 by Aurora Police to Put a GPS Tracking Device in the Chevy Tahoe Truck Belonging to Garcia-Sanchez  [Docket No. 434] is denied.

DATED January 14, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

6